Jones and Simons JJ.
(dissenting). Inasmuch as substantial issues under the Federal Constitution are presented and in our view the disposition of the majority denies defendant in each case his constitutional right not to be twice put in jeopardy for the same offense (US Const, 5th Amdt) we dissent, and for the reasons stated in the *204 respective opinions at the Appellate Division. The majority’s reliance to find manifest necessity on its view of the disadvantages to defendants of proceeding with trial in these cases is wholly impermissible; representation of the interests of defendants and determination of what procedures are best calculated to protect and advance those interests is entrusted to defense counsel. In each of these cases counsel for defendant concluded in the circumstances presented that a mistrial would not be in defendant’s best interest and categorically opposed declaration of a mistrial. The trial court denied each defendant his “valued right to have his trial completed by a particular tribunal” (Wade v Hunter, 336 US 684, 689; cited with approval in United States v Jorn, 400 US 470, 480, 486; Hall v Potoker, 49 NY2d 501, 505). The appellate court has no right to second-guess defense counsel and thus to deprive defendant of his constitutional protection against double jeopardy.
Chief Judge Cooke and Judges Jasen and Wachtler concur with Judge Meyer; Judges Jones and Simons dissent and vote to affirm in a memorandum.
In each case: Judgment reversed, etc.